UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHAN J. WEBSTER                                             CIVIL ACTION

VERSUS                                                               NO. 16-847

LOUISIANA DEPARTMENT                                     SECTION: "F"(3)
OF CORRECTIONS, ET AL.

**REPORT AND RECOMMENDATION**

Plaintiff, Nathan J. Webster, a state prisoner, filed this federal civil rights action pursuant to 42 U.S.C. § 1983.[1]  He named the following defendants:  the Louisiana Department of Public Safety and Corrections; Robert C. Tanner; Mike Todd; Darryl Mizell; Walter P. Reed; Lewis V. Murray; James LeBlanc; St. Tammany Parish; Washington Parish; and the District Attorney's Office.

In his complaint, plaintiff alleges that defendant Todd conducted a search at the B.B. "Sixty" Rayburn Correctional Center on May 19, 2011.  During that search, two hand-rolled cigarettes were found.  Subsequent analysis of the cigarettes revealed that they contained a form of synthetic marijuana.  Although no DNA tests were performed to establish that the cigarettes belonged to plaintiff, officials alleged that the cigarettes were his and, as a result, charged him with the criminal offense of possessing contraband in a penal facility.[2]  On July 10, 2012, plaintiff entered into a plea bargain pursuant to which he pleaded guilty to that charge and received a two-

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.
[2] La. Rev. Stat. Ann. § 14:402.

year sentence. He now claims that, despite his guilty plea, his conviction is wrongful because the synthetic marijuana was not an illegal drug and, in any event, there was no evidence that the cigarettes actually belonged to him. He alleges that, as a result of that conviction, he was denied parole in 2015. As relief, he seeks declaratory and injunctive relief and an award of monetary damages.

### I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II.  False Arrest Claims

Plaintiff indicates in his complaint that he is asserting claims for false arrest.[4] However, as noted, plaintiff was arrested on the contraband charge in 2011 and pleaded guilty to that charge in 2012. Accordingly, any such false arrest claims must be dismissed because they were clearly prescribed at the time he filed this civil action in 2016.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[4] Rec. Doc. 4-1, p. 8.

3

A false arrest claim accrues when the plaintiff becomes detained pursuant to legal process. See Wallace v. Kato, 549 U.S. 384 (2007); Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008); McCloud v. Jarus, Civ. Action No. 09-0121, 2010 WL 103684, at *6-7 (E.D. La. Jan. 7, 2010); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 (E.D. La. Aug. 28, 2009); Shipp v. Richardson, Civ. Action No. 3:07CV-P693-S, 2008 WL 2358859, at *2 (W.D. Ky. June 7, 2008). After plaintiff's false arrest claims accrued, he had only one year to bring those claims pursuant to 42 U.S.C. § 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) ("[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." (citation omitted)); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *1 (E.D. La. July 25, 2008). Because plaintiff's federal complaint was not filed until 2016, many years after his false arrest claims accrued, those claims prescribed long before the instant lawsuit was filed. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2.

### III.  Malicious Prosecution/Wrongful Conviction Claims

Plaintiff also indicates that he is asserting claims for malicious prosecution and wrongful conviction.[5] Those claims should likewise be dismissed for the following reasons.

As an initial matter, the Court notes that there is no independent claim for malicious prosecution under 42 U.S.C. § 1983. Cuadra v. Houston Independent School District, 626 F.3d 808, 812-13 (5th Cir. 2010); Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). Furthermore, plaintiff asserts no specific constitutional deprivation related to such a claim.

---

[5] Rec. Doc. 4-1, p. 8.

However, even if such an allegation were present, any claim for malicious prosecution and any related claim for wrongful conviction based on that allegation would clearly be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Heck has since been extended also to bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

A judgment in plaintiff's favor on his malicious prosecution and/or wrongful conviction claims would necessarily imply the invalidity of his state court conviction for possession of contraband in a penal facility; therefore, Heck bars those claims until such time as that conviction is invalidated. Myers v. Swindle, 454 Fed. App'x 322, 323 (5th Cir. 2011) ("[A] judgment in favor of Myers regarding his claims of malicious prosecution and wrongful conviction would imply that

his conviction is invalid.  As such, the district court did not err in determining that Myers's claims for malicious prosecution and wrongful conviction are barred by Heck.").  Accordingly, at a minimum, plaintiff's claims for malicious prosecution and wrongful conviction should be dismissed with prejudice until such time as the Heck conditions are met.[6]

However, the Court further notes that, for the following reasons, plaintiff's claims against several of the named defendants could not proceed *even if* plaintiff were able to meet the conditions at some point in the future.  Therefore, because the following claims will *never* be actionable, they should simply be unconditionally dismissed with prejudice in the interests of judicial economy.  See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).[7]

## A.  Claims Against Louisiana Department of Public Safety and Corrections

Plaintiff has named the Louisiana Department of Public Safety and Corrections in this action filed pursuant to 42 U.S.C. § 1983.  However, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's

---

[6] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

[7] In Boyd, the Fifth Circuit explained:

> [I]t remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity … as a threshold matter ….  As the Supreme Court has stated, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action."  Mitchell v. Forsyth, 472 U.S. 511, 525, 105 S.Ct. 2806, 2814-15, 86 L.Ed.2d 411 (1985).  Thus, the Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible.  See Siegert v. Gilley, 500 U.S. 226, 231-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.").  Because absolute immunity is properly viewed as "*immunity from suit* rather than a mere defense to liability," Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815, it is appropriate for the district courts to resolve the question of absolute immunity before reaching the Heck analysis when feasible.  If a defendant is dismissed on absolute immunity grounds, it becomes clear that the § 1983 plaintiff will never have a claim against that defendant based on the particular facts alleged, even if the plaintiff is a state prisoner who eventually satisfies the precondition to a valid § 1983 claim under Heck.  We believe this approach best serves the purposes underlying the absolute immunity doctrine.

Boyd, 31 F.3d at 284.

6

consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>      Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *2-3 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3-4 (E.D. La. Dec. 4, 2009).[8]

### B. Official-Capacity Claims Against James LeBlanc, Robert C. Tanner, Mike Todd, and Darryl Mizell for Monetary Damages

Plaintiff has also sued James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and Robert C. Tanner, Mike Todd, and Darryl Mizell, employees of that department. However, to the extent that those defendants are being sued for monetary damages in their official capacities, immunity bars those claims as well. Because claims against state officials

---

[8] Out of an abundance of caution, the Court also notes that the Louisiana Department of Public Safety and Corrections is an improper defendant for another reason: state agencies simply are not "persons" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Gabriel, 2010 WL 3169840, at *2; McGuire, 2009 WL 4891914, at *3; Levy v. Office of Legislative Auditor, 362 F. Supp. 2d 729, 735 (M.D. La. 2005).

7

or employees in their official capacities for monetary damages are actually claims against the state itself, such claims are likewise barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).[9]

### C. Individual-Capacity Claims Against District Attorney Walter P. Reed and Assistant District Attorney Lewis V. Murray for Monetary Damages

Plaintiff has also named as defendants former St. Tammany Parish District Attorney Walter Reed and former Assistant District Attorney Lewis V. Murray for their roles in prosecuting plaintiff. However, as to any claims against Reed and Murray in their individual capacities for monetary damages, those claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Reed and Murray relate to their actions taken in prosecuting the criminal charge, their absolute prosecutorial immunity protects them against plaintiff's individual-capacity claims for monetary damages.

---

[9] Additionally, in any event, state officials and employees sued in their official capacities for monetary damages also are not considered "persons" under 42 U.S.C. § 1983. Will, 491 U.S. at 71; Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

### D.  Claims Against the District Attorney's Office

Plaintiff has also sued the District Attorney's Office.  The claims against that defendant should likewise be dismissed with prejudice, although not for reasons of immunity.  Rather, the claims against that defendant fail for an even more basic reason:  a parish district attorney's office simply is not a legal entity capable of being sued.  Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."); Boyle v. 22nd Judicial District Attorney's Office, Civ. Action No. 14-855, 2014 WL 4072114, at *2 (E.D. La. Aug. 14, 2014).

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's false arrest claims against all defendants be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that all remaining claims against the Louisiana Department of Public Safety and Corrections be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that all remaining official-capacity claims against James LeBlanc, Robert C. Tanner, Mike Todd, and Darryl Mizell for monetary damages also be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that all remaining individual-capacity claims against Walter P. Reed and Lewis V. Murray for monetary damages also be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that any remaining claims against any remaining defendants be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of February, 2016.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**